**WO** KM

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Laura Marcos,

Plaintiff,

v.

David Rhodes, et al.,

Defendants.

No. CV-25-08253-PCT-MTL (ASB)

**ORDER**

Self-represented Plaintiff Laura Marcos, who is not confined, brought this civil rights action pursuant to 42 U.S.C. § 1983. Defendants have filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 7.) Plaintiff opposes the Motion. (Doc. 12.) Defendants have filed a Reply. (Doc. 14.) Also pending before the Court are Defendants' Motion to Strike Plaintiff's Notice of Special Appearance (Doc. 18), Plaintiff's Motion for Leave to Amend (Doc. 31), and Plaintiff's "Motion for Declaratory Relief and Clarification of Article III Judicial Power Over Live Constitutional Claims" (Doc. 38). The Court will deny the Motion for Leave to Amend, grant the Motion to Dismiss, and deny as moot the remaining Motions.

## I. Complaint and Proposed First Amended Complaint

In her Complaint, Plaintiff names the Yavapai County Sheriff's Office and Yavapai County Sheriff David Rhodes as Defendants. She alleges the Yavapai County Sheriff's Office has arrested her on four occasions "on authority" of an allegedly invalid New Jersey

arrest warrant. (Doc. 1 at 2.)[1] Plaintiff asserts "excessive bail was required multiple times and [she] has been falsely imprisoned over 50 days and remains under threat of arrest by Sheriff David Rhodes and the Yavapai County Sheriff's Office." (*Id.*) Plaintiff contends Defendants violated her Fourth Amendment rights "by executing arrests based on a warrant that lacks sworn probable cause" (*id.* at 3-4); violated her rights under article 2, section 3 of the Arizona Constitution, which states the United States Constitution is the supreme law of the land (*id.* at 4); and intentionally inflicted emotional distress by subjecting her to repeated unlawful arrests and excessive bail demands, denying her accommodations under the Americans with Disabilities Act (ADA), denying her "Choice of Law," establishing an abusive hearing schedule, failing to produce records, failing to "respond to Rebuttals to Jurisdiction and Color of Law Cease and Desist Notices," and refusing to recognize Plaintiff's due process objections. (*Id.* at 5). Plaintiff seeks monetary damages, a declaratory judgment "that the warrant enforcement violates the Fourth Amendment," injunctive relief "restraining future arrests based on the defective warrant," and attorney's fees and costs. *(Id.)*

In her proposed First Amended Complaint (lodged at Doc. 32), Plaintiff raises the same claims for relief but adds the following Defendants: Does 1-20, who are Yavapai County Sheriff's Office employees who "participated in preparing, authorizing, or executing arrest actions against Plaintiff," participated in due process violations, including failure to produce records, and harmed her reputation by "profiling and publishing her mugshot with an offer of a cash bounty" (*id.* at 2); Sedona Police Chief Stephanie Foley; Sedona Police Officer Steven Willadsen; the Sedona Police Department; and Does 21-40, who are "police officers, supervisors, or agents of the Sedona Police Department who participated in the investigation, preparation of the complaint, arrest attempts, or related enforcement actions against Plaintiff." (*Id.* at 3.)

. . . .

---

[1] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

**II. Federal Rule of Civil Procedure 12(b)(6)**

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted).

To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Where the plaintiff is a representing herself, the court must "construe the pleadings liberally and [] afford the petitioner the benefit of any doubt." *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010).

Generally, when deciding a Rule 12(b)(6) motion, the court looks only to the face of the complaint and documents attached thereto. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). If a court considers evidence outside the pleading, it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). A court may, however, consider documents incorporated by reference in the complaint or matters of

judicial notice without converting the motion to dismiss into a motion for summary judgment. *Id.*

## III. Motion to Dismiss

### A. Motion

In their Motion to Dismiss, Defendants first argue that the Yavapai County Sheriff's Office is a non-jural entity and cannot be sued under § 1983.

Defendants next argue the Court should abstain from declaring the warrant invalid or alternatively find the warrant valid. (Doc. 7 at 5-6.) Defendants contend the *Younger*[2] abstention doctrine requires federal courts to refrain from enjoining state criminal proceedings as a matter of comity. Defendants allege the docket in the Trenton Municipal Court shows an active criminal complaint against Plaintiff in that court and argues that ruling on the validity of the arrest warrant would prevent the New Jersey court from addressing the issue. (*Id*. at 6-7.)

Defendants further assert the warrant is facially valid. Defendants note the warrant is signed by "F. Cagulada," who alleges "by certification or on oath" that Plaintiff filed false liens against public servants and attached an affidavit of probable cause to the warrant. (*Id*. at 7-8.)

Defendants also claim Plaintiff failed to state a § 1983 claim against Defendants because: (1) she "has no constitutional right to adjudicate the validity of an arrest warrant in the asylum state" (Doc. 7 at 9, citing *Michigan v. Doran*, 439 U.S. 282, 290 (1978)); (2) she failed to state a claim against Defendant Rhodes in his individual capacity and Defendant Rhodes is not liable under § 1983 on a theory of respondeat superior (*id*. at 10); and (3) Plaintiff failed to state a claim under Arizona law because she failed to file a Notice of Claim in compliance with Arizona Revised Statutes section 12-821.01(a) and there is no private cause of action under article 2, section 3 of the Arizona Constitution. (*Id*. at 10-14.)

. . . .

---

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

**B. Response**

Plaintiff argues the *Younger* abstention doctrine does not bar her claims because she "does not seek to enjoin any ongoing state criminal proceeding[, n]or does [she] request the District Court to interfere with, stay, or otherwise restrain the operations of any state court." (Doc. 12 at 4.) Plaintiff contends she is seeking "declaratory relief that future enforcement of a facially defective warrant violates the Fourth Amendment, and prospective injunctive relief restraining future arrests based on that unconstitutional warrant." (*Id.*) She claims this relief "is directed at future executive conduct, not state judicial proceedings, and therefore falls outside *Younger*'s scope." (*Id.*) She argues that even if state proceedings are "ongoing, *Younger* does not apply where the challenged conduct involves bad faith, harassment, or a patently unconstitutional statute or practice." (*Id.*) Plaintiff argues the constitutional violations of which she complains, including "false arrest, unlawful detention, bond forfeiture without due process, refusal to apply cash bonds to bench warrants, ADA violations, and First Amendment retaliation," are "concrete, ongoing, and not redressable through abstention." (*Id.* at 5.)

Plaintiff next argues this Court has jurisdiction to hear her claims and Defendants are not entitled to immunity. (*Id.* at 7-11.)

Plaintiff further contends the arrest warrant at issue is invalid because it is "void of authorized signatures and unsupported by oath or affirmation" and "probable cause from an injured party does not exist." (*Id.* at 12.) Plaintiff claims a valid warrant must include "a second signature from a neutral, detached magistrate." (*Id.* at 13, citing *Shadwick v. City of Tampa*, 407 U.S. 345 (1972).)

Finally, Plaintiff claims Defendant Rhodes, in his official capacity, should be substituted for the Yavapai County Sheriff's Office; her § 1983 claims are "specific and actionable"; she made a good-faith effort to comply with the notice requirements of Arizona Revised Statutes section 12-821.01; and "the tort-based claims reflect emotional and reputational harms caused by state actors' conduct and are not duplicative but cumulative to the federal claims." (*Id.* at 16.)

**C. Discussion**

**1. Warrant**

As an initial matter, the Court takes judicial notice of the "Complaint-Warrant," number 1111-W-2024-000957, filed in the Trenton Municipal Court. (Doc. 20 at 5-19.)[3] *See Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (court may take judicial notice of court filings and other matters of public record). The warrant contains an affidavit of probable cause signed by Law Enforcement Officer F. Cagulada and a "finding of probable cause for issuance of the complaint" signed by Judicial Officer Sheila Taylor. (Doc. 20 at 5.) The warrant appears facially valid. A sheriff or other law enforcement official may generally rely on an active, facially valid, out-of-state warrant and is not required to independently investigate the issuing state's probable-cause basis. *Case v. Kitsap County Sheriff's Dep't*, 249 F.3d 921, 927 (9th Cir. 2001) (officers need not obtain a duplicate in-state warrant when an out-of-state warrant exists); *United States v. Sarras*, 575 F.3d 1191, 1218 (11th Cir. 2009) (arrest warrant affidavit is presumptively valid and there must be a substantial showing of intentional or reckless false statements or omissions in the warrant affidavit in order to bring the warrant into question).

Insofar as Plaintiff contests the validity of typed versus written signatures, or the sufficiency of the probable cause statement, such challenges are appropriately brought in Trenton Municipal Court. *See Michigan v. Doran*, 439 U.S. 282, 290 (1978) ("[W]hen a neutral judicial officer of the [state that issued the warrant] has determined that probable cause exists, the courts of the [state in which the suspect is found] are without power to review the determination."). Accordingly, Plaintiff's allegation that the New Jersey warrant was facially invalid is not cognizable in this Court.

. . . .

[3] Plaintiff includes a partial copy of the warrant in her Response to the Motion to Dismiss (Doc. 12 at 22-24), and Defendants filed a complete certified copy of the warrant in a Supplement to the Motion to Dismiss (Doc. 20).

### 2. False Arrest and Imprisonment

Insofar as Plaintiff intends to assert claims for false arrest or imprisonment based on her arrests and 50 days' detention, she has also failed to state a claim.

"False arrest, a species of false imprisonment, is the detention of a person without his consent and without lawful authority." *Donahoe v. Arpaio*, 869 F. Supp. 2d 1020, 1064 (D. Ariz. 2012) (quoting *Reams v. City of Tucson*, 701 P.2d 598, 601 (Ariz. Ct. App. 1985)), *aff'd sub nom. Stapley v. Pestalozzi*, 733 F.3d 804 (9th Cir. 2013). Under Arizona law, false imprisonment and false arrest consist of non-consensual detention of a person "without lawful authority." *Slade v. City of Phoenix*, 541 P.2d 550, 552 (Ariz. 1975). "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato,* 549 U.S. 384, 389 (2007) (emphasis in original).

To state a § 1983 claim for false arrest, Plaintiff must show that Defendants made the arrest without probable cause or other justification. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097 (9th Cir. 2013). "'Probable cause exists if the arresting officers 'had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime.'" *Id.* at 1097-98 (quoting *Maxwell v. County of San Diego*, 697 F.3d 941, 951 (9th Cir. 2012)); *see also Edgerly v. City & County of San Francisco*, 599 F.3d 946, 953 (9th Cir. 2010) ("To determine whether the Officers had probable cause at the time of the arrest, we consider 'whether at that moment the facts and circumstances within [the Officers'] knowledge . . . were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.'" (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964))).

As discussed above, Plaintiff alleges she was arrested pursuant to the New Jersey warrant which, considered in its entirety, appears facially valid. Plaintiff alleges no other facts in her original Complaint or proposed First Amended Complaint that would

demonstrate Defendants otherwise lacked probable cause for her arrests. She therefore fails to state a claim for false arrest or imprisonment.

**3. State Law Claims**

The Court will dismiss, without prejudice, Plaintiff's state law claims for intentional infliction of emotional distress[4] and claims under the Arizona Constitution. The Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state-law claims because Plaintiff's federal claims have been dismissed. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3)); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal law claims are eliminated before trial, the court generally should decline jurisdiction over state law claims and dismiss them without prejudice).

**4. Conclusion**

The Court will grant the Motion to Dismiss.

**IV. Motion to Amend**

"Leave to amend is warranted if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990)); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (leave to amend should be granted unless a pleading "could not possibly be cured by the allegation of other facts").

---

[4] In her state-law claim for intentional infliction of emotional distress, Plaintiff alleges Defendants intentionally caused her emotional harm by unlawfully arresting her, imposing excessive bail, denying ADA accommodations, and failing to comply with due process. Although these claims might be brought as separate claims for relief under federal law, Plaintiff has not raised them as such in her either her original Complaint or proposed First Amended Complaint. Accordingly, the Court will consider these allegations only as supporting statements for her state law intentional infliction of emotional distress claim.

Plaintiff's proposed First Amended Complaint suffers from the same defects as the original Complaint. There are no allegations consistent with the original Complaint or proposed First Amended Complaint that would cure the deficiencies in Plaintiff's claims. The Court finds leave to amend would be futile. *See Corinthian Colleges*, 655 F.3d at 995. Therefore, the Court, in its discretion, will deny the Motion to Amend.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn**.

(2) Plaintiff's Motion for Leave to Amend (Doc. 31) is **denied**.

(3) Defendants' Motion to Dismiss (Doc. 7) is **granted**, and the action is **dismissed**. The Clerk of Court must enter judgment accordingly.

(4) The remaining pending Motions (Docs. 18 and 38) are **denied as moot**.

Dated this 22nd day of September, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge